IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

MARY ELLEN CHATLOS,

      Plaintiff,

v.

GOLI NUTRITION INC., a foreign corporation

      Defendant.

_____

## NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Goli Nutrition Inc. ("Goli"), by and through its undersigned attorneys, submits this Notice of Removal of State Court Civil Action ("Notice of Removal") and respectfully states as follows.

### I. BACKGROUND

1. On or about November 8, 2022, Plaintiff Mary Ellen Chatlos ("Plaintiff") filed a Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, against Goli bearing Docket No. CACE-22-016617. Goli is the only named defendant in the Complaint.

2. Plaintiff served the summons and complaint on Goli on November 18, 2022.

3. True and correct copies of all processes, pleadings, and orders served on Goli are attached hereto as Exhibit "A."

### II. NATURE OF THE REMOVED ACTION

4. In the Complaint, Plaintiff asserts claims for violation of the Florida Deceptive and Unfair Trade Practices Act and unjust enrichment in connection with the allegedly false

advertising of a health supplement sold by Goli called Apple Cider Vinegar Gummies ("ACV Gummies"). Complaint ("Compl."), *passim*.

5.	Plaintiff seeks to litigate her claims on behalf of herself and a putative class defined as: "[A]ll Florida residents who, at any time between October 1, 2019, to the present, purchased Goli's ACV products from Goli or from an authorized Goli retailer (the 'Class')." Compl., ¶ 19.

6.	Plaintiff alleges "there are thousands of consumers who have purchased Goli's ACV gummies directly from Goli or through an authorized Goli retailer within the State of Florida." *Id.*, ¶ 22.

7.	Plaintiff demands relief including, but not limited to: (a) a monetary judgment for actual damages; (b) an injunction "prohibiting Goli from continuing its deceptive marketing"; (c) attorneys' fees and costs; (d) pre- and post-judgment interest. *See id.* p. 10-11.

### III.	VENUE

8.	Venue is proper because this Court is the United States District Court for the district and division embracing the place where the state-court case is pending. *See* 28 U.S.C. § 1441(a).

### IV.	BASIS OF FEDERAL JURISDICTION

9.	This action is removable under the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. sections 1332(d) and 1453.

10.	CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (1) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the number of proposed class members is not less

than 100.  *See* 28 U.S.C. §§ 1332(d)(2)-(6), 1453(b).  This case satisfies all three requirements for removal.

    11.    ***First***, the aggregate amount in controversy exceeds $5 million.

        a.    The complaint alleges that "Goli consumers are entitled to recover the difference in cost between Goli's ACV gummies and standard Vitamin B supplements."  Compl., ¶ 17.

        b.    The complaint alleges the ACV Gummies bottle contains 60 gummies priced at $.32 per gummy.  Compl., ¶ 16.  The complaint further alleges that a comparative Vitamin B supplement, allegedly containing more vitamins than the ACV Gummies, costs $.10 per pill.  *Id*.  Therefore, the difference is $.22/gummy.  Because the Goli bottle contains 60 gummies, the alleged price difference per bottle is $13.20.

        c.    Therefore, to exceed $5 million in controversy, Goli must have sold at least 378,788 bottles of ACV Gummies in Florida.[1]

        d.    Goli's business records reflect Goli has sold more than 400,000 bottles of ACV Gummies in Florida.  Declaration of Marisol Tuna, dated December 15, 2022, attached hereto as Exhibit "B," ¶ 3.  (The precise number is confidential but can be provided to the court under seal if required.)

    12.    ***Second***, the parties are minimally diverse.  Plaintiff is a citizen of Florida. Compl., ¶ 4.  Goli is a Delaware corporation with its principal place of business in California. *Id*., ¶ 4.

---

[1] In reality, assuming attorneys' fees and costs and the costs of enacting the requested injunctive relief count towards the jurisdictional minimum of $5 million, the requisite number of bottles sold would be lower.

13. Finally, the putative class is not less than 100 people. Plaintiff believes the class to be thousands of people. *Id.,* ¶ 22. Further, because more than 400,000 bottles were sold in Florida, it is reasonable to assume more than 100 people bought these bottles.

## V.    REMOVAL IS TIMELY

14. The summons and complaint were served on November 18, 2022. This Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b).

## VI.    NON-ADMISSION AND NON-WAIVER

15. Goli does not intend for anything in this Notice of Removal to constitute an admission that Plaintiff and the putative class are entitled to any relief.

16. Goli does not intend for anything in this Notice of Removal to constitute a waiver of any defense.

**WHEREFORE**, Goli removes this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida. A copy of this notice is being served on all counsel of record and will be filed in the Broward County Circuit Court promptly after the filing of this Notice of Removal.

Respectfully submitted,

**MARKO & MAGOLNICK, P.A.**
Attorneys for Goli
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile:  (305) 285-5555

By: /s/ Joel S. Magolnick
**Joel S. Magolnick**
Florida Bar No. 776068
Magolnick@mm-pa.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 16, 2022, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Joel S. Magolnick
Joel S. Magolnick, Esq.
